Green, J.
delivered the opinion of the court.
The only question in this cause, is, whether the action can be maintained in the name of Hill’s assignee, or Hill himself, the note having been made payable to C. E. M’Ewen, agent for the executors of Joseph Branch, deceased.
An action on a contract must be brought in the name of the party in whom the legal interest is vested. 1 Chitty’s Plea. 2. The legal interest in this case is in C. E. M’Ewen. The introduction of the words, ££agent for the executors of Joseph Branch, deceased,” is only descriptive .of his person. 8 Mass. Rep. 103: Martin and Yerger’s Rep. 261. They„ cannot do more than show, that the executors of Branch have a beneficial interest in the nóte. But if it had stated in express terms, that the money was to be paid M’Ewen for the be *35 nefit of the executors of Joseph Branch, deceased, the action should have been in the name of M’Ewen, and not of the executors. 1 Chitty’s Plea. 4. There are cases where an agent makes a contract, in which he has a beneficial interest, that will authorize an action both by the principal and the agent, each one recovering only so much as he may be entitled to. But where there is an express contract under seal, with the agent, to pay him, he alone can sue. Such is the settled law of England. 1 Chitty Plea. 5-6. In Massachusetts, the same doctrine governed in the case of Buffin vs. Chadwick, 8 Mass. Rep. 163. And so this court held in Rutherford vs. Mitchell, Mar. and Yer. 261. These cases show, that though the note describe the payee as agent, yet, as the contract is with him personally, the suit must be in his name. So if an agent bind himself personally, and engage expressly in his own name, he will be held responsible, though he should in the contract or covenant, give himself the description or character of agent. 2 Kent’s Com. 493: 3 Starkie on Ev. 1620. The judgment must be reversed.
Judgment reversed.